UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHERRI HANSEN, an Individual; A.R. (Minor child); and L.R. (Minor child);<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION, TRUSTEE OF THE MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATES, SERIES 1998-8 TRUST; GREEN TREE FINANCIAL SERVICING, LCC; AND HAWLEY TROXELL ENNIS AND HAWLEY LLP,<br><br>Defendants. | Case No. 4:15-cv-00085-BLW<br><br>**ORDER** |

Pending before the Court are two Motions for Sanctions ("Motions") (Dkts. 25, 26). The Motions are fully briefed and at issue. The Court finds oral argument unnecessary—it would only cause Defendants to incur additional attorney's fees. As discussed below, the Court will grant the Motions.

Order - 1

## BACKGROUND

The underlying facts of this case were recited in detail in the Court's earlier Memorandum Decision and Order (Dkt. 23) and will not be repeated here. Relevant to deciding the Motions, however, is the following: Plaintiffs filed the Complaint in this matter on March 13, 2015. On April 1, 2015, Hawley Troxell—which, at the time, was acting as counsel for all Defendants—made demand upon Plaintiff's counsel, Troy Rasmussen, to dismiss the Complaint within 21 days, pursuant to Federal Rule of Civil Procedure 11(c)(2). Mr. Rasmussen was notified that if he did not do as requested, Hawley Troxell would file a motion for sanctions with the Court. Hawley Troxell served Mr. Rasmussen with the motion and supporting memorandum in accordance with Rule 11(c)(2). Mr. Rasmussen never responded, and did not move to dismiss the Complaint. Instead, the case proceeded and Hawley Troxell, now representing itself *pro se*, filed a motion for summary judgment on May 19, 2015. The remaining defendants (the "Green Tree Defendants") retained different counsel. They filed a motion to dismiss on April 14, 2015. This Court granted both Hawley Troxell's motion for summary judgment and the Green Tree Defendants' motion to dismiss in an oral ruling on August 13, 2015. This ruling was explained further in a written Memorandum Decision and Order that was issued on September 4, 2015. Dkt. 23.

Defendants have now asked this Court to impose sanctions in an amount deemed

**Order - 2**

proper by the Court against Plaintiffs[1] and their counsel, Troy Rasmussen.

## ANALYSIS

The Defendants argue in their Motions that the Complaint was frivolous and lacking in both legal basis and factual foundation. In response to the Motions, Mr. Rasmussen takes a bizarre position. His sole argument is that this Court already entertained the Defendants' Motions for Sanctions at the August 13, 2015 hearing and thereafter denied the Motions in its September 4, 2015 Memorandum Decision and Order. The Court need not waste further time delving into the many reasons why Mr. Rasmussen is mistaken; suffice it to say, Mr. Rasmussen's understanding is wholly incorrect. In fact, at the hearing, the Court expressed that it would be open to entertaining motions for sanctions. How this could be construed as a ruling in Mr. Rasmussen's favor, on motions that had not yet been filed, is beyond the Court's comprehension.

Turning to the legal analysis, a court may impose Rule 11 sanctions if a pleading or paper filed with the court is frivolous or if it is filed for an improper purpose. FED.R.CIV.P. 11(b)(1), (2).[2] The Ninth Circuit has explained:

---

[1] Hawley Troxell appears to ask for sanctions only as against Mr. Rasmussen. ("Based on the complete lack of legal support for the claims against Hawley Troxell, monetary sanctions are warranted against the Plaintiffs' counsel.") Dkt. 25-1, p. 2. Conversely, the Green Tree Defendants seek sanctions against Plaintiffs individually, in addition to Mr. Rasmussen. Dkt. 27, p. 2.

[2] Rule 11(b) provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(Continued)

**Order - 3**

> The standard governing both the "improper purpose" and "frivolous" inquiries is objective. *Id*. "[T]he subjective intent of the . . . movant to file a meritorious document is of no moment. The standard is reasonableness. The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district court." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir.1986).[3]

*G.C. and K.B. Investments*, 326 F.3d 1096, 1109 (9th Cir. 2003). It has further determined that "[w]ithout question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." *Zaldivar*, 780 F.2d at 832; *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir.1997). One district court aptly observed that Rule 11 "serves as a warning to counsel and parties alike that before filing a document, they must 'Stop, Look and Listen' or . . . 'Stop, Think, Investigate and Research.'" *Flanagan v. Shively*, 783 F.Supp. 922, 937 (D.Pa.1992) (internal citation omitted).

Here, the Court finds that the Complaint filed in this case was frivolous, which would have been plainly apparent to any reasonable attorney. As explained in the Court's September 4, 2015 Memorandum Decision and Order, Hansen put forth ten claims in her Complaint. The Court determined that claims three through ten were barred by *res*

---

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;. . . ."

[3] *Zaldivar* was overruled on other grounds by *Cooter & Gell v. Hartmarx Corp.*, 496, US. 384 (1990) (appellate standard of review).

Order - 4

*judicata*. These claims arose out of the foreclosure of the at-issue Property, the validity of which had already been adjudicated in a state court proceeding ("State Action") prior to this action being brought. The present action involves the same parties, or parties in privity with one another. There was a final judgment in the State Action, which Hansen did not appeal. Essentially, Hansen—through Mr. Rasmussen—sought to relitigate issues that had been conclusively resolved in the State Action. Attempting to circumvent the state court's holding by bringing the same claims in federal court is sanctionable. *Estate of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) ("When a reasonable investigation would reveal that a claim is barred by res judicata or collateral estoppel, for example, Rule 11 sanctions may be imposed within the district court's discretion.").

In addition to the claims barred by *res judicata*, Hansen put forth two new claims in the instant Complaint—but both are plainly frivolous. The first was a Fair Debt Collection Practices Act ("FDCPA") claim, which was dismissed as a matter of law because (1) Hansen is not a "consumer" as defined by the FDCPA; (2) Hansen was never obligated to pay any "debt," as defined by the FDCPA, to any of the Defendants; and (3) no transaction ever occurred between Hansen and any of the Defendants. The FDCPA is obviously inapplicable.[4] The second claim was brought under the Idaho Consumer Protection Act ("ICPA"). It could not be more firmly established that "in order to have standing under the [ICPA], the aggrieved party must have been in a contractual

---

[4] The FDCPA claim was also brought well after the one-year statute of limitations had already passed.

relationship with the party alleged to have acted unfairly or deceptively." *Taylor v. McNichols*, 149 Idaho 826, 846, 243 P.3d 642, 662 (2010). Because no contractual relationship ever existed, Hansen's ICPA claim failed as a matter of law.

These new claims were legally baseless from any objective perspective. A quick assessment of the plain language of the statutes and resulting case law would have made it absolutely clear to any reasonable attorney that the claims were meritless. Because the Complaint was not warranted by existing law, had no basis in fact, and no argument for an extension of existing law was ever made, the Court will grant the Motions pursuant to its authority under Rule 11.

> With regard to the amount of the sanction, Rule 11 provides:
>
> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

FED.R.CIV.P. 11(c)(4). It is the Court's view that the most appropriate sanction—that is, one which is sufficient to deter Mr. Rasmussen and other attorneys from engaging in this type of conduct—is to require Mr. Rasmussen to pay the Defendants the reasonable attorney's fees incurred in defending against this frivolous suit. Defendants have submitted affidavits detailing all attorney's fees and costs which have been incurred by their clients in defending against this action, including those fees incurred in pursuing the motion for Rule 11 sanctions. Specifically, Hawley Troxell states that it has incurred $9,735.76 in attorney's fees and costs, while counsel for the Green Tree Defendants

Order - 6

reports incurring $25,110.00. Mr. Rasmussen may respond to counsels' affidavits by submitting any argument he may have that (1) the requested fees were not necessary to defend this action, or (2) the amount requested is more than necessary to deter repetition of this conduct.

The sanctions imposed by this Order are against Troy Rasmussen and his law firm only. As for the Plaintiffs individually, any fees they may have paid Mr. Rasmussen for this representation is sanction enough.

As a final but necessary aside, not only is the Complaint meritless and Mr. Rasmussen's response to the Motions inexplicable, but his unprofessional conduct behind the scenes warrants further comment. Prior to filing his response to the Motions, Mr. Rasmussen sent defense counsel a letter on October 6, 2015. The letter plainly violates Local District Court Rule 83.8, which requires attorneys to treat one another with civility.[5] What's more, in a bit of misdirected foreshadowing, Mr. Rasmussen cautioned: "If you are attempting to file sanctions for the second time, after the Court has already ruled against your position, you should probably understand the process a little better. I hope you use this as a learning experience rather than an expensive lesson for your firm

---

[5] In the October 6, 2015 letter, Mr. Rasmussen incorrectly maintains that the Court already declined to issue Rule 11 sanctions and hypothetically inquires: "Did you not receive the Court's Order? If not[,] let me know [and] I will be happy to forward you a copy. I know PACER and the ECF can be difficult for some people." Dkt. 32-1. The rhetorical questions continue when Mr. Rasmussen asks: "Were you under some sort of disability while you appeared before the Court that limited your ability to effectively practice law?" *Id*. This type of behavior is the sort that brings the entire profession into disrepute—to say nothing of the attorney's own reputation. There is no place in this Court for such conduct.

Order - 7

and your professional reputation." *Id*. While the Court has already cautioned Mr. Rasmussen in another case,[6] the Court is nonetheless hopeful that Mr. Rasmussen takes this current lesson to heart for the sake of his clients, the attorneys who oppose him, and the judges who preside over his cases.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motions for Sanctions (Dkts. 25, 26) are GRANTED as against attorney Troy Rasmussen in his individual and professional capacities and as against his law firm, Troy Rasmussen, Attorney at Law, PLLC.

IT IS FURTHER ORDERED that Mr. Rasmussen may, within fourteen (14) days after entry of this Order, submit a response detailing any argument he may have that (1) the requested fees were not necessary to defend this action, or (2) the amount requested is more than necessary to deter repetition of this conduct.  Mr. Rasmussen may, if he wishes, include in his response information about his financial resources and ability to pay. Defendants may file a reply within seven (7) days of receiving Mr. Rasmussen's response, but are not required to do so.

---

[6] *See Rencher v. Recontrust Co., N.A., et. al.*, 2015 WL 7013393, Case No. 4:15-cv-00130-BLW.



DATED: April 11, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Order - 9**