Sheila R. Schwager, ISB No. 5059
Beth Coonts, ISB No. 7700
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5261
Email: sschwager@hawleytroxell.com
       bcoonts@hawleytroxell.com

Attorneys for Defendant Hawley Troxell Ennis &
Hawley LLP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHERRI HANSEN, an Individual;<br>A. R. (Minor child); and<br>L. R. (Minor child);<br><br>    Petitioners,<br><br>vs.<br><br>U.S. BANK, NATIONAL ASSOCIATION; GREEN TREE FINANCIAL SERVICING, LLC; MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATES, SERIES 1998-8; HAWLEY TROXELL ENNIS & HAWLEY LLP; and JOHN DOES 1-10;<br><br>    Respondents. | Case No. 4:15-cv-85<br><br>REPLY MEMORANDUM OF HAWLEY TROXELL ENNIS & HAWLEY LLP REGARDING SANCTIONS AMOUNT |

  Defendant Hawley Troxell Ennis & Hawley LLP ("**Hawley Troxell**") submits this Reply Memorandum to Petitioner's Response Order for Sanctions and Fees, Doc. No. 34 (the "**Response**").

REPLY MEMORANDUM OF HAWLEY TROXELL ENNIS & HAWLEY LLP
REGARDING SANCTIONS AMOUNT - 1

On April 11, 2016, the Court entered an Order granting Hawley Troxell's and Hawley Troxell's co-defendants' Motions for Sanctions (the "**Order**"). In the Order, gave Mr. Rasmussen the opportunity to provide a response setting forth any argument that "(1) the requested fees were not necessary to defend this action, or (2) the amount requested is more than necessary to deter repetition of this conduct." *See* Order, p. 8. Mr. Rasmussen was also given the opportunity to provide information to the Court regarding his financial resources and ability to pay. *Id.*

In the one-paragraph Response, Mr. Rasmussen apologizes for bringing the case and acknowledges his tone directed at opposing counsel was uncivil. Then, without any further explanation, states that a sanction in the amount of $1,000.00 per defendant would deter this type of action in the future. Mr. Rasmussen does not state that the attorneys' fees and costs were not necessary to defend this action or why the amount requested by Hawley Troxell is more than necessary to deter this type of conduct in the future. Nor has Mr. Rasmussen asserted that he is unable to pay the amounts sought by Hawley Troxell and the Green Tree Defendants.

As set forth in the Green Tree Defendants' Reply Memorandum (Docket No. 35), the amount of a sanction is based on an amount sufficient to deter repetition of such conduct, not to punish improper conduct or compensate the prevailing party. Fed.R.Civ.P. 11(c)(2); *United States ex rel. Leno v. Summit Constr. Co.*, 892 F.2d 788, 790 n.4 (9th Cir. 1989).

Mr. Rasmussen's actions in this case, and his response to the Motions for Sanctions, do not indicate that a minimal sanctions amount will deter this type of conduct in the future. Mr. Rasmussen was advised of the reasons that his causes of action were completely without merit before Hawley Troxell and the Green Tree Defendants went through the time and expense of

REPLY MEMORANDUM OF HAWLEY TROXELL ENNIS & HAWLEY LLP
REGARDING SANCTIONS AMOUNT - 2

filing the dispositive motions. Prior to the filing of the dispositive motions, Hawley Troxell left voicemails with Mr. Rasmussen to discuss the case and then sent a letter to Mr. Rasmussen setting forth the reasons the case lacked merit and giving him the opportunity to dismiss the case. *See* Affidavit of Beth Coonts in Support of Motion for Sanctions Pursuant to Rule 11, Docket No. 25-2 ("**Coonts Aff.**"), ¶¶ 2-3, Exh. A. Mr. Rasmussen did not return Hawley Troxell's phone calls and ignored the letter. *See* Coonts Aff., ¶ 4.

Based on the lack of response, Hawley Troxell and the Green Tree Defendants were required to file dispositive motions, to which Mr. Rasmussen objected despite the existence of legal support for his claims. Then, after the Court entered an order granting Hawley Troxell and the Green Tree Defendants' dispositive motions and the Motions for Sanctions were filed, Mr. Rasmussen sent a letter that is not indicative of someone who was deterred from pursuing these types of cases in the future. *See* Order, pp. 7-8; Second Affidavit of Beth Coonts in Support of Motion for Sanctions Pursuant to Rule 11, Docket No. 32-1. It was not until the Court entered the Order on the sanctions motions that Mr. Rasmussen provided an apology with no further explanation of his actions.

Based on Mr. Rasmussen's actions in this case, Hawley Troxell has had to spend its time and resources addressing meritless claims and bringing the sanctions motion. Accordingly, Hawley Troxell respectfully moves this Court to sanction the Plaintiffs' counsel in the amount of $9,735.76.

REPLY MEMORANDUM OF HAWLEY TROXELL ENNIS & HAWLEY LLP
REGARDING SANCTIONS AMOUNT - 3

DATED THIS 2nd day of May, 2016.

          HAWLEY TROXELL ENNIS & HAWLEY LLP


By /s/ Beth Coonts
   Beth Coonts, ISB No. 7700
   Attorneys for Defendant Hawley Troxell Ennis
   & Hawley LLP

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on this 2nd day of May, 2016, I electronically filed the foregoing REPLY MEMORANDUM OF HAWLEY TROXELL ENNIS & HAWLEY LLP REGARDING SANCTIONS AMOUNT with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Troy E. Rasmussen, Esq. | traal.pllc@gmail.com |
| R. Wayne Sweney | rsweney@lunkins.com |
| Mischelle R. Fulgham | mfulgham@lukins.com |

       /s/ Beth Coonts
       Beth Coonts