UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHERRI HANSEN, et al.,<br><br>                Plaintiffs,<br><br>     v.<br><br>U.S. BANK, NATIONAL ASSOCIATION, TRUSTEE OF THE MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATES, SERIES 1998-8 TRUST; GREEN TREE FINANCIAL SERVICING, LLC; AND HAWLEY TROXELL ENNIS AND HAWLEY LLP,<br><br>                Defendants. | Case No. 4:15-cv-00085-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

        In its April 11, 2016 Order, the Court granted Defendants' Motions for Sanctions against Plaintiffs' counsel Troy Rasmussen, pursuant to Rule 11. Dkt. 33. Therein, the Court indicated:

> It is the Court's view that the most appropriate sanction—that is, one which is sufficient to deter Mr. Rasmussen and other attorneys from engaging in this type of conduct—is to require Mr. Rasmussen to pay the Defendants the reasonable attorney's fees incurred in defending against this frivolous suit. Defendants have submitted affidavits detailing all attorney's fees and costs which have been incurred by their clients in defending against this action, including those fees incurred in pursuing the motion for Rule 11 sanctions. Specifically, Hawley Troxell states that it has incurred $9,735.76

> in attorney's fees and costs, while counsel for the Green Tree Defendants reports incurring $25,110.00. Mr. Rasmussen may respond to counsels' affidavits by submitting any argument he may have that (1) the requested fees were not necessary to defend this action, or (2) the amount requested is more than necessary to deter repetition of this conduct.

*Order*, Dkt. 33, pp. 6–7.

Mr. Rasmussen filed a response on April 25, 2016. The Green Tree Defendants filed a reply on April 27, 2016, and Defendant Hawley Troxell filed its own reply on May 2, 2016. For the reasons discussed below, the Court finds sanctions—only as against Plaintiff's counsel Troy Rasmussen—in the amount of $34,845.76 will sufficiently deter him, as well as others, from engaging in similar conduct in the future. Of that total amount, Mr. Rasmussen shall pay $9,735.76 to Hawley Troxell Ennis and Hawley LLP, and $25,110.00 to the law firm of Lukins and Annis, P.S.

## ANALYSIS

The Court has already determined that Rule 11 sanctions are warranted in this case based on the filing of the Complaint. The remaining question is what amount is reasonable and appropriate. Rule 11(c)(4) provides some guidance:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed.R.Civ.P. 11 (c)(4). Case law repeatedly reiterates that the primary purpose of Rule 11 sanctions is to deter sanctionable conduct going forward. *Matter of Yagman*, 796 F.2d 1165, 1183 (9th Cir.) ("[The] primary purpose of sanctions . . . is to deter subsequent abuses."). Under Rule 11, "[r]ecovery should never exceed those expenses and fees that

were reasonably necessary to resist the offending action." *Yagman,* 796 F.2d at 1185. "The measure to be used is not actual expenses and fees but those the court determines to be reasonable." *Id.* (quotation omitted). In the Rule 11 context, "the court must make some evaluation of the fee breakdown submitted by counsel." *Yagman*, 796 F.2d at 1185 (citing *Toombs v. Leone*, 777 F.2d 465, 472 (9th Cir.1985)). The Ninth Circuit has indicated that "[t]he measure to be used is not actual expenses and fees but those the court determines to be reasonable." *Id*. (quotations omitted).

First, Hawley Troxell seeks an award of $9,735.76. This amount is inclusive of the attorney fees incurred in responding to Plaintiffs' complaint, preparing a dispositive motion, and filing a motion for sanctions, plus costs. It appears as though four attorneys worked on the case, each of which billed at hourly rates of $165.00 to $340.00. A total of 42.5 hours was expended.

Second, counsel for the Green Tree Defendants seeks an award of $25,110.00. Again, this amount is inclusive of costs and fees incurred in defending this action—from responding to the Complaint, to filing a dispositive motion, to filing the motion for sanctions. One attorney worked on this matter and in doing so, billed 73.8 hours at the hourly rate of $325.00. Counsel explains that he expended substantially more hours than did Hawley Troxell because Mr. Rasmussen filed the present Complaint against the Green Tree Defendants and their former legal counsel (Hawley Troxell), which created a potential conflict of interest between them and necessitated that the Green Tree Defendants hire independent counsel. Counsel for the Green Tree Defendants explains

further that he had to investigate the underlying facts and proceedings in the Teton County District Court case—facts that Hawley Troxell was already familiar with.

    Having carefully reviewed the hours worked, experience of the attorneys, hourly rates, and the description of work performed, the Court is satisfied that the time and amount charged is reasonable under the circumstances. Also of note is that both Hawley Troxell and the Green Tree Defendants endeavored to resolve the case as quickly as possible—they both filed dispositive motions within approximately two months of the Complaint being filed.

    Mr. Rasmussen did not take the opportunity to argue to the Court that (1) the requested fees were not necessary to defend this action, or (2) the amount requested is more than necessary to deter repetition of this conduct. Instead, Mr. Rasmussen's response is limited to a one-paragraph apology and a request that sanctions be imposed at $1,000.00 per defendant. Mr. Rasmussen has not provided any explanation for his conduct, or why a $3,000.00 sanction would effectively deter repetition of the type of conduct displayed here. This lack of effort, coupled with the failure to substantively respond to the Court's order, does not instill confidence in the Court that a mere $3,000.00 sanction would be sufficient here.

    Instead, the Court finds that a $34,845.76 monetary sanction will be sufficient to deter Mr. Rasmussen from filing similar claims in the future. Mr. Rasmussen is ordered to pay this sanction within 90 days of this Order.

**ORDER**

IT IS ORDERED that Mr. Rasmussen pay a $9,735.76 sanction to the law firm of Hawley Troxell Ennis and Hawley LLP within 90 days of the date of this Order.

IT IS FURTHER ORDERED that Mr. Rasmussen pay a $25,110.00 sanction to the law firm of Lukins & Annis, P.S. within 90 days of the date of this Order.

DATED: May 18, 2016

B. Lynn Winmill
Chief Judge
United States District Court