UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHERRI HANSEN, AN INDIVIDUAL; A.R. (MINOR CHILD); AND L.R. (MINOR CHILD); <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK, NATIONAL ASSOCIATION; GREEN TREE FINANCIAL SERVICING, LLC; MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATES, SERIES 1998-8; HAWLEY TROXELL ENNIS & HAWLEY LLP; and JOHN DOES 1–10; <br><br> Defendants. | Case No. 4:15-cv-00085-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pending before the Court is Plaintiffs' counsel Troy Rasmussen's Motion for Relief from Judgment Pursuant to Rule 60(b) (Dkt. 38), which asks the Court for relief from its Order imposing Rule 11 sanctions against Mr. Rasmussen (Dkt. 37). The Motion is fully briefed and at issue. Having considered the submissions of the parties, the record, and the applicable law, the Court issues this Memorandum Decision and Order.

## BACKGROUND

The underlying facts of this case and its procedural history are discussed in the Court's prior Memorandum Decision and Order dated September 4, 2015 (Dkt. 23). Accordingly, the Court provides background only to the extent necessary to resolve the pending Rule 60(b) Motion.

Plaintiffs filed the Complaint in this matter on March 13, 2015. On April 1, 2015, Hawley Troxell—which, at the time, was acting as counsel for all Defendants—made demand upon Plaintiffs' counsel, Troy Rasmussen, to dismiss the Complaint within 21 days, pursuant to Federal Rule of Civil Procedure 11(c)(2). Mr. Rasmussen was notified that if he did not do as requested, Hawley Troxell would file a motion for sanctions with the Court. Hawley Troxell served Mr. Rasmussen with the motion and supporting memorandum in accordance with Rule 11(c)(2). Mr. Rasmussen never responded, and did not move to dismiss the Complaint. Instead, the case proceeded and Hawley Troxell, now representing itself *pro se*, filed a Motion for Summary Judgment on May 19, 2015. The remaining Defendants (the "Green Tree Defendants") retained different counsel. They filed a Motion to Dismiss on April 14, 2015. This Court granted both Hawley Troxell's Motion for Summary Judgment and the Green Tree Defendants' Motion to Dismiss in an oral ruling on August 13, 2015. This ruling was explained further in a written Memorandum Decision and Order issued on September 4, 2015. Dkt. 23.

On September 16, Defendants separately filed Motions for Sanctions against Plaintiffs' counsel Troy Rasmussen, pursuant to Rule 11. Dkts. 25, 26. The Defendants

argued that the Complaint was frivolous and lacking in both legal basis and factual

foundation. The Court granted Defendants' Motions for Sanctions in its April 11, 2016

Order. Dkt. 33. Therein, the Court indicated:

> It is the Court's view that the most appropriate sanction—that is, one which is
> sufficient to deter Mr. Rasmussen and other attorneys from engaging in this type
> of conduct—is to require Mr. Rasmussen to pay the Defendants the reasonable
> attorney's fees incurred in defending against this frivolous suit. Defendants have
> submitted affidavits detailing all attorney's fees and costs which have been
> incurred by their clients in defending against this action, including those fees
> incurred in pursuing the motion for Rule 11 sanctions. Specifically, Hawley
> Troxell states that it has incurred $9,735.76 in attorney's fees and costs, while
> counsel for the Green Tree Defendant reports incurring $25,110.00.

*Apr. 11, 2016 Order* at 6–7, Dkt. 33. Also in that Order dated April 11, 2016, the Court

granted Counsel time to "submit a response detailing any argument he may have that (1)

the requested fees were not necessary to defend this action, or (2) the amount requested is

more than necessary to deter repetition of this conduct" and to "include in his response

information about his financial resources and ability to pay." *Id.* at 8. Mr. Rasmussen

filed a one-paragraph response on April 25, 2016. Dkt. 34. The Green Tree Defendants

and Defendant Hawley Troxell filed separate replies. Dkts. 35, 36.

On May 18, 2016, the Court ordered Mr. Rasmussen to pay sanctions in the

amount of $34,845.76. *May 18 Order* at 2, Dkt. 37. Of that total amount, Mr. Rasmussen

was ordered to pay $9,735.76 to Hawley Troxell Ennis and Hawley LLP, and $25,110.00

to the law firm of Lukins and Annis, P.S. *Id.*

Mr. Rasmussen now asks this Court, pursuant to Federal Rule of Civil Procedure

60(b), for Relief from that Order imposing sanctions.

**ORDER - 3**

## STANDARD OF LAW

Under Federal Rule of Civil Procedure 60(b), a court may grant a party relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Counsel neglects to inform the Court which ground(s), of those set forth in subsections (1)–(6), he intends to assert. The Motion does not raise any arguments that indicate "mistake, inadvertence, surprise, or excusable neglect." Nor does it allege that there is new evidence, fraud, a void judgment, or a judgment that has been satisfied, released, or discharged. Therefore, Mr. Rasmussen is left with Rule 60(b)(6).

That catch-all provision of Rule 60(b)(6) should be used "sparingly as an equitable remedy to prevent manifest injustice and . . . only where extraordinary circumstances prevented a party from taking timely action or to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). To receive relief under Rule 60(b)(6), a moving party must "show both injury and that circumstances beyond its control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)." *Lehman v. United States*,

154 F.3d 1010, 1017 (9th Cir. 1998) (citing *United States v. RG & B Contractors, Inc.*,

21 F.3d 952, 956 (9th Cir. 1994)).

## DISCUSSION

Mr. Rasmussen does not challenge the Court's decision to award Rule 11

sanctions. Rather, Counsel contests the amount of the sanctions award, arguing that: (1)

the Court precluded him from challenging the reasonableness of the fee calculation; (2)

the award was "beyond what is necessary to deter" the sanctioned conduct; and (3) the

award "will cause financial devastation for Petitioner Counsel's firm." The Court has

reviewed its prior ruling, the arguments of the parties, and the entire record herein.

Having done so, the court finds that Mr. Rasmussen failed to demonstrate extraordinary

circumstances warranting relief from the monetary sanction under Rule 60(b)(6), but that

Counsel should be allowed an additional 8 months for payment.

### A.  Rule 11 Sanctions

At the outset, the Court wishes to reiterate its basis for sanctioning Mr.

Rasmussen. A court may impose sanctions under Federal Rule of Civil Procedure 11 if a

pleading or paper filed with the court is frivolous, lacks evidentiary support, or is filed for

an improper purpose. Fed R. Civ. P. 11(b)(1), (2). The Ninth Circuit has explained:

> The standard governing both the "improper purpose" and "frivolous" inquiries is objective. *Id*. "[T]he subjective intent of the . . . movant to file a meritorious document is of no moment. The standard is reasonableness. The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district court."

*G.C. and K.B. Investments*, 326 F.3d 1096, 1109 (9th Cir. 2003) (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986)). It has further determined that "[w]ithout question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." *Zaldivar*, 780 F.2d at 832; *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997).

Rule 11 provides for a range of penalties, including payment by the offending attorney of "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). However, Rule 11 "permit[s] an award only of those expenses directly caused by the [sanctionable] filing." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406 (1990). Any sanction must also "be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed R. Civ. P. 11(c)(4).

In its April 11, 2016 Order, the Court found that the claims asserted in this case were baseless and made without competent inquiry. Plaintiffs—through Mr. Rasmussen—put forth ten claims in their Complaint. Eight of those claims were obviously barred by *res judicata*. Indeed, Plaintiffs' brief in opposition to the Motion for Summary Judgment failed to offer any legal authority to refute the application of *res judicata*. The remaining two claims were not warranted by existing law, had no basis in fact, and were unsupported by any serious argument for an extension of existing law. The

Court also noted that Counsel had engaged in unprofessional conduct behind the scenes[1] and been previously warned about bringing frivolous claims.[2] Accordingly, the Court determined that sanctions were necessary to deter Mr. Rasmussen and other attorneys from engaging in this type of conduct. *Apr. 11 Order* at 6, Dkt. 33.

Mr. Rasmussen was put on notice that the Court was considering imposing a financial sanction of $34,845.76, which represented the attorneys' fees and costs Defendants incurred in defending against this action. The Court then granted Counsel time to challenge the reasonableness of that monetary sanction. *Id.*

In response to the Court's invitation, Counsel submitted a one-paragraph, unsubstantiated request that sanctions be imposed at $1,000.00 per defendant. After carefully reviewing Defendants' detailed affidavits—including the hours worked, experience of the attorneys, hourly rates, and the description of work performed—the

---

[1] Prior to filing his response to the Motions for Sanctions, Mr. Rasmussen sent defense counsel a letter, in which he hypothetically inquired: "Did you not receive the Court's Order? If not[,] let me know [and] I will be happy to forward you a copy. I know PACER and the ECF can be difficult for some people." Dkt. 32-1. Mr. Rasmussen continued: "Were you under some sort of disability while you appeared before the Court that limited your ability to effectively practice law?" *Id.* This letter violates Local District Court Rule 83.8, which requires attorneys to treat one another with civility, and is the type of behavior that brings the entire profession into disrepute.

[2] *See Rencher v. Recontrust Co., N.A., et. al.*, 2015 WL 7013393, No. 4:15-cv-00130-BLW (Nov. 12, 2015). That Order included the following admonition:

> Mr. Rasmussen's repeated failure to abide by court-imposed deadlines—in this case and in others—has been duly noted by the Court. These deadlines are more than mere suggestions. Moreover, this is the second case the Court has recently dealt with where Mr. Rasmussen has filed a Complaint alleging, generally, that a client's property was wrongfully foreclosed upon. . . . The Court admonishes Mr. Rasmussen that filing frivolous lawsuits alleging claims universally rejected in state and federal courts (1) does not serve the best interests of his clients; (2) may violate his ethical obligations under the Code of Professional Responsibility; and (3) wastes precious judicial resources in a federal court recently declared to be facing a judicial emergency.

ORDER - 7

Court concluded that the time and amount charged were reasonable under the circumstances. The Court then determined that Mr. Rasmussen's "lack of effort, coupled with the failure to substantively respond to the Court's order, does not instill confidence in the Court that a mere $3,000.00 sanction would be sufficient here." *May 18, 2016 Order* at 5, Dkt. 37. The Court imposed the full $34,845.76 sanction to be paid within 90 days.

### B.  Mr. Rasmussen's Rule 60(b) Motion

#### 1.  *Failure to Challenge the Fee Calculation*

Counsel first argues that Rule 60(b) relief is warranted because the Court precluded Mr. Rasmussen from challenging the reasonableness of the fee calculation. Specifically, Mr. Rasmussen takes issue with the directive in the Court's April 11, 2016 Order, which stated:

> Mr. Rasmussen may, within fourteen (14) days after entry of this Order, submit a response detailing any argument he may have that (1) the requested fees were not necessary to defend this action, *or* (2) the amount requested is more than necessary to deter repetition of this conduct. Mr. Rasmussen may, if he wishes, include in his response information about his financial resources and ability to pay. Defendants may file a reply within seven (7) days of receiving Mr. Rasmussen's response, but are not required to do so.

*Apr. 11, 2016 Order* at 7, Dkt. 33 (emphasis added). Counsel focuses on the word "or" in the first sentence, noting that "Merriam Webster.com defines 'or' as 'used as a function word to indicate an alternative.'" *Mot. for Relief* at ¶ 2, Dkt. 38. Counsel then contends that the Court's use of a disjunctive means that Counsel "could only advance one of the

two arguments allowed by the Court above. Petitioner's Counsel chose the second option . . . ." *Id.* at ¶¶ 3, 4.

The inherent ambiguity of the words "and" and "or" has long been documented by scholars of legal writing. *See, e.g.*, Maurice B. Kirk, *Legal Drafting: The Ambiguity of "And" and "Or"*, 2 Tex. Tech. L. Rev. 235, 253 (1971). Ordinarily, "or" is to be taken in its disjunctive sense. *See* F. Reed Dickerson, *The Fundamentals of Legal Drafting* § 6.2, at 104–14 (2d ed. 1986); Bryan A. Garner, *A Dictionary of Modern Legal Usage* 624 (2d ed. 1995); 1A Singer & Singer, Statutes and Statutory Construction § 21.14 (7th ed. 2007) (collecting cases).[3] However, Mr. Rasmussen fails to account for the fact that a disjunctive "or" can come in both *exclusive* and *inclusive* forms. *See* Farnsworth, *supra* at 955. When used in the exclusive disjunctive sense, "or" indicates that one or the other of the listed things can be true, but not both. *Id.* When used in the inclusive disjunctive sense, "or" indicates that one or more of the listed things can be true. *Id.* The intended meaning must be interpreted from context.

Notwithstanding this dual meaning, Counsel would have us read the "or" here as an exclusive disjunctive, suggesting that the Court permitted Counsel to raise one of the available arguments, but not both. *Mot. for Relief* at ¶ 4, Dkt. 38. This interpretation tortures the plain meaning of that directive. Conventions of legal briefing and Rule 11

---

[3] The Court need not venture into the argument that "or" sometimes means "and," *see* 1A Singer & Singer, Statutes and Statutory Construction § 21.14 (7th ed. 2007) (collecting cases), as the Order employs the word "or" disjunctively, rather than conjunctively—at least insofar as Counsel was not limited to submitting a response containing both arguments.

practice would allow a party to raise all available arguments in opposition to a motion for attorneys' fees. *See* Fed. R. Civ. P. 11, advisory committee notes (listing several factors that may be raised in challenging the nature and severity of sanctions). Mr. Rasmussen's construction of the Order becomes yet more untenable considering the permissive tenor of the surrounding language—which states that Counsel "may" submit "any argument"— and the absence of a qualifying "either." The more reasonable account of the Court's Order is that "or" was to be read in the inclusive disjunctive sense. That is, Counsel could raise an argument about the calculation of the attorneys' fees, the amount necessary to deter repetition, or both.

Thus, the Court is not persuaded that Mr. Rasmussen was justified in failing to timely challenge the fee calculations. Even assuming he was, the Court is left to guess about the nature of Counsel's supposed objections. Counsel *again* omits any argument about the reasonableness of those attorneys' fees and costs in his Motion for Relief and subsequent reply briefs. Accordingly, the Court finds no basis to change its previous determination that the time and amount charged are reasonable under the circumstances.

### 2. *Failure to Timely Raise Ability-to-Pay, Deterrence Arguments*

Mr. Rasmussen next argues that the sanctions award would impose extreme economic hardship upon his firm, and that a lesser sanctions award would be sufficient to deter future such conduct.

These arguments were available to Counsel when the Court originally considered the issue of sanctions. Mr. Rasmussen was on notice that the Court was considering

imposing a financial sanction of $34,845.76. The Court's April 11 Order expressly

invited argument regarding Mr. Rasmussen's ability to pay or that "the amount requested

is more than necessary to deter repetition of this conduct." Counsel instead submitted the

following perfunctory response:

> I would like to sincerely apologize to the Court and as well as Counsels for
> Defense for my actions in the case. I was wrong to bring the case and I
> acknowledge that my tone directed at Opposing Counsel was uncivil. I humbly
> request the sanction be imposed at $1,000 per defendant as an amount that will
> deter this type of action in the future.

Notably, Mr. Rasmussen proffered no evidence of his ability to pay or support for the

conclusory assertion that a $3,000 sanction[4] would effectively deter repetition of the type

of conduct displayed in this case.

Having rejected previous opportunities to make such a showing, Counsel now asks

the Court to consider new evidence and arguments on these points. Mr. Rasmussen's

failure to present his strongest case in his initial brief doesn't entitle him to a second bite

at the apple under Rule 60(b). A party may not use Rule 60(b)(6) to advance an argument

or factual support that could have been presented at the time of the original argument, but

was not. *See Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) ("Neglect or

lack of diligence is not to be remedied through Rule 60(b)(6)."); *accord Paddington*

*Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir. 1994) ("An argument based on

---

[4] In his April 25 response to the Court's sanctions Order, Counsel requested that the "Sanctions
be limited to $1,000.00 for each Defendant." In the instant Motion for Relief, Counsel appears to contend
that he offered "an amount of $1,500 for each of the two (2) firms." The total sanctions appear to add up
to $3,000 under both approaches.

**ORDER - 11**

hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief . . . nor does the failure to marshal all known facts in opposition to . . . motion[.]" (citations omitted)).

Furthermore, even now, Mr. Rasmussen fails to provide financial documentation sufficient to evaluate his financial situation. An attorney's ability to pay is undoubtedly a legitimate consideration when imposing Rule 11 sanctions. *See In re Yagman*, 796 F.2d 1165, 1185 (9th Cir.1986). To consider an attorney's ability to pay, however, the Court must be presented with some evidence of the attorney's financial status, such as income, expenses, and assets. The instant Motion for Relief relies on unsupported assertions that Mr. Rasmussen "does not have the financial means to pay the Order within 90 days," and that the Order "will cause financial devastation for [his] firm." *Mot. for Relief* at ¶¶ 16, 18, Dkt. 38. Counsel submitted an affidavit setting forth his firm's gross receipts for years 2013–2015, but neglected to do so until filing his reply brief to the instant Motion. *Rasmussen Aff.*, Dkt. 41-1. Furthermore, that affidavit fails to discuss any savings or other assets that may be used to pay the sanction.

Counsel also fails to convincingly demonstrate that a lesser award would provide a sufficient deterrent impact. Rule 11 provides that "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). However, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Mr. Rasmussen argues that the Court's

oral reprimand at the dismissal hearing was sufficient to deter his conduct and that a sanction of $3,000 would have a significant deterrent impact considering his financial situation. *Mot. for Relief* at ¶ 9, 13, Dkt. 38. In light of Counsel's repeated lack of diligence, his record of unprofessional conduct, and the policy favoring the finality of a judgment, the Court is unconvinced. A $3,000 sum is both disproportionate to the burden that his insupportable pleadings cast upon the Defendants and insufficient to deter similar conduct in other cases. The sanction must carry more weight.

The Court is not unsympathetic, however, to the significant burden this award may impose. Counsel has requested, in the alternative, that the Court allow an additional 8 months for payment. Given the new evidence of Mr. Rasmussen's financial resources, and in the interests of justice, the Court finds that additional time for payment is warranted. Such relief balances the need for equity and finality of judgments.

## ORDER

**Accordingly, IT IS HEREBY ORDERED:**

1.   Mr. Rasmussen's Motion for Relief from Judgment Pursuant to Rule 60(b) (Dkt. 38) is **GRANTED** insofar as counsel seeks additional time to pay the sanctions award. The Motion (Dkt. 38) is otherwise **DENIED**.

2.   Mr. Rasmussen is not relieved of his obligation to pay a $9,735.76 sanction to the law firm of Hawley Troxell Ennis and Hawley LLP and a $25,110.00 sanction to the law firm of Lukins & Annis, P.S, per the terms of the Court's May 18, 2016 Order (Dkt. 37).

3.      Said amounts shall be paid within 8 months of the date of this Order.



DATED: December 5, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**ORDER - 14**