UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHERRI HANSEN, AN INDIVIDUAL; A.R. (MINOR CHILD); AND L.R. (MINOR CHILD),<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION; GREEN TREE FINANCIAL SERVICING, LLC; MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATES, SERIES 1998-8; HAWLEY TROXELL ENNIS & HAWLEY LLP; and JOHN DOES 1–10;<br><br>    Defendants. | Case No. 4:15-CV-00085-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## BACKGROUND

Before the Court is Defendants' Motion for Contempt of Court pursuant to Federal Rule of Civil Procedure 70(e). (Dkt. 44.) Defense counsel Hawley Troxell Ennis & Hawley LLP (Hawley Troxell) asks this Court for an order holding Plaintiffs' counsel, Troy E. Rasmussen, in contempt for failing to pay comply with this Court's order sanctioning Mr. Rasmussen pursuant to Rule 11 in the amount of $9,735.76. (Dkt. 37.) Mr. Rasmussen failed to file a response to Hawley Troxell's latest motion in violation of District of Idaho Local Rule 7.1(c).

**MEMORANDUM DECISION AND ORDER - 1**

# LEGAL STANDARD

"A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). Contempt must be shown by clear and convincing evidence. *Battaglia v. United States*, 653 F.2d 419, 422 (9th Cir. 1981). "Failure to comply consists of not taking 'all the reasonable steps within [one's] power to insure compliance with the order.'" *Balla v. Idaho State Board of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989) (quoting *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976)).

"Broad equitable power [is vested in the Court] to order appropriate relief in civil contempt proceedings," *SEC v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003) (internal citation omitted). When determining what sanctions to impose, the Court must consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947).

# DISCUSSION

Pursuant to District of Idaho Local Rule 7.1(e), "if an adverse party fails to timely file any response documents … such failure may be deemed to constitute a consent to … the granting of said motion." Because Mr. Rasmussen has failed to file a response to Hawley Troxell's motion, the Court finds that he has consented to the granting of Hawley Troxell's motion. *Id.*

Additionally, the Court has independently reviewed the affidavits accompanying Hawley Troxell's motion and finds clear and convincing evidence that Mr. Rasmussen is in contempt of Court. In the submitted materials, Hawley Troxell repeatedly attempted to secure the funds owed by Mr. Rasmussen but was unable to do so. (*See* Dkts. 44-2, 44-3.) To the Court's knowledge, Mr. Rasmussen still has not satisfied the terms of the May 18, 2016 order. Accordingly, clear and convincing evidence supports the conclusion that Mr. Rasmussen is in contempt of court.

## ORDER

**IT IS HEREBY ORDERED:**

1. Hawley Troxell must serve a copy of this Order and the Motion for Contempt (Dkt. 44) on Mr. Rasmussen **on or before August 9, 2019**, and must file proof of service with the Court.

2. Mr. Rasmussen must respond by filing a notice with the Court within fourteen days (14) days of service.

3. If Mr. Rasmussen timely responds, the Court will set a hearing on Hawley Troxell's Motion for Contempt. However, if Mr. Rasmussen fails to respond or fails to timely respond, the Court will **GRANT** Hawley Troxell's Motion for Contempt. (Dkt. 44.)

DATED: **July 30, 2019**

B. Lynn Winmill
United States District Judge