UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHERRI HANSEN, AN INDIVIDUAL; A.R. (MINOR CHILD); AND L.R. (MINOR CHILD),<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. BANK, NATIONAL ASSOCIATION; GREEN TREE FINANCIAL SERVICING, LLC; MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATES, SERIES 1998-8; HAWLEY TROXELL ENNIS & HAWLEY LLP; and JOHN DOES 1–10;<br><br>    Defendants. | Case No. 4:15-CV-00085-BLW<br><br>**ORDER** |

## BACKGROUND

On July 30, 2019, the Court issued a Memorandum Decision and Order (MDO) finding Troy E. Rasmussen in contempt of Court for failing to comply with this Court's May 2016 judgment (Dkt. 37) sanctioning Mr. Rasmussen pursuant to Rule 11 in the amount of $9,735.76 as to Hawley Troxell Ennis & Hawley, LLC

**ORDER - 1**

(Hawley Troxell) (MDO, Dkt. 45.) The Court ordered Hawley Troxell to serve a copy of the MDO and the Motion for Contempt on Mr. Rasmussen by August 9, 2019. Due to Hawley Troxell's difficulties in effectuating service, the Court granted an extension of the deadline to September 22, 2019. (Dkt. 47.) The Court also reset the deadline for Mr. Rasmussen's response to the MDO on the motion for contempt.

On September 23, 2019, Troy Rasmussen filed an objection to the motion for contempt. (Dkt. 48.) Therein, Mr. Rasmussen detailed that: 1) he "is financially broke and has been for years;" 2) he "cannot afford to pay his monthly bills;" 3) cannot pay the fees and attorney retainer to file for Bankruptcy; 4) the Court's total order for sanctions in the amount of $34,845.76 "is more than twice [his] three year average yearly income;" 5) the Court's "award of all the fees and costs was a surprise" as it was not based on the amount spent by Hawley Troxell to deter his sanctionable conduct; 6) the Court's order "is a severe penalty beyond what is necessary to deter the conduct as the conduct was deterred at the last hearing for dismissal;" 7) the Court's order has caused "financial devastation" for his law firm, which is involved in his bankruptcy; 8) he does not have means to pay the Order within 90-days; and 9) the order "is functioning as a severe penalty which is outside the purpose of sanction."

Based on the foregoing, Mr. Rasmussen asks the Court to deny Hawley Troxel's motion for contempt. Hawley Troxel did not file a reply by the deadline of October 7, 2019. (*See* Docket Entry 48.) As such, the matter is ripe for the Court's determination.

**DISCUSSION**

Mr. Rasmussen does not formally challenge this Court's May 2016 decision to award Rule 11 sanctions. However, as set forth above, in support of his request that the Court deny Hawley Troxell's motion for contempt, Mr. Rasmussen argues the Court's Rule 11 sanctions award was beyond what is necessary to deter the sanctioned conduct, and that the award has caused financial devastation to his law firm. This is not the first time Mr. Rasmussen has raised these arguments.

Several months after the May 2016 sanctions order issued, Mr. Rasmussen filed a Motion for Relief from Judgment Pursuant to Rule 60(b). (Dkt. 38.) In its December 2016 Memorandum Decision and Order on the motion (Dkt. 43), the Court found Mr. Rasmussen failed to demonstrate the extraordinary circumstances warranting relief from the monetary sanction under Rule 60(b).[1] In doing so, the

---

[1] Although the Court denied the motion, it permit Mr. Rasmussen an additional eight (8) months to satisfy the judgment, which would have been August 7, 2018. (Dkt. 43 at 5; *see* Dkt. 44-2 at 4.)

Court addressed many of the same arguments Mr. Rasmussen raises in his present response to the motion for contempt.

In his response to the motion at hand, Mr. Rasmussen has not formally raised another Rule 60(b) motion and the Court will not engage in any re-analysis of prior arguments made to that effect. Notably, however, in issuing its December 2016 order, the Court expressly found that, Mr. Rasmussen could "not use Rule 60(b) to advance an argument or factual support that could have been presented at the time of the original argument, but was not." (Dkt. 43 at 12 (citing *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) ("Neglect or lack of diligence is not to be remedied through Rule 60(b)(6).")).

Turning back to the pending motion for contempt: As the Court indicated in its initial order granting the motion, Hawley Troxell's submitted materials show it has repeatedly attempted to secure the funds owed by Mr. Rasmussen but has been unable to do so. (*See* Dkts. 44-2, 44-3.) Furthermore, to the Court's knowledge, Mr. Rasmussen has made no attempts since it issued the sanctions order in May 2016, or since it revised the payment deadline in December 2016, to make payments on the balance or to make alternative arrangements with Hawley Troxell. Accordingly, clear and convincing evidence supports the conclusion that Mr. Rasmussen is in contempt of court. *Battaglia v. United States*, 653 F.2d 419, 422 (9th Cir. 1981).

The Court will not revise its previous order and hereby finds, pursuant to Federal Rule of Civil Procedure 70(e), Mr. Rasmussen in contempt for failing to comply with this Court's order sanctioning Mr. Rasmussen pursuant to Rule 11 in the amount of $9,735.76. Further, should Mr. Rasmussen file for bankruptcy, he must file formal notice with the Court and provide written notice to Hawley Troxell Ennis and Hawley, LLP, and written notice to the law firm of Lukins and Annis, P.S.

**IT IS SO ORDERED.**

DATED: October 24, 2019

_____
B. Lynn Winmill
U.S. District Court Judge